IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEIDRE NOLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-0256-MJR |
| | ) |
| TRUSTMARK LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

REAGAN, District Judge:

A. **INTRODUCTION**

On February 17, 2011, Deidre Nolen filed a complaint against Trustmark Life Insurance Co., in the Circuit Court of Perry County, Illinois. Served on March 4, 2011, Trustmark timely removed the action to this federal district court on April 1, 2011, pursuant to 28 U.S.C. §§ 1441 and 1446. Nolen brings claims against Trustmark for vexatious and unreasonable delay for failure to pay benefits within the meaning of the Illinois Insurance Code, 215 ILCS 5/155, and for interest under § 215 ILCS 5/357.9.

Nolen, an employee of Perry County Counseling Center, Inc., was provided group health insurance through Trustmark. Trustmark employed Star Marketing and Administration Inc., (Star) as a third-party administrator of the group health plan and ACS Recovery Services, Inc., (ACS) to make collections on its behalf of amounts claimed to be due to Trustmark as subrogation or reimbursement from third-party recoveries by Trustmark's insureds.

On March 4, 2008, Nolen was involved in a motor vehicle accident resulting in medical expenses for diagnosis and treatment of her injuries. Nolen's personal automobile insurance provided $10,000 in medical benefits, which amount was exhausted by payment of $10,000 to Arch Air for emergency helicopter transportation on the day of the accident.

The core of Nolen's complaint is that between March 4, 2008, and December 14, 2010, Trustmark refused or delayed payment of its obligations for Nolen's health care because of potential payment from her automobile insurance medical coverage. But, according to Nolen, Trustmark, through its agents, ACS and Star, knew or had reason to know by February 16, 2009, that her medical benefits from this source had been exhausted. Nolen claims that because of the $97,214.92 in unpaid medical bills (as of January 25, 2010), she was required to file a motion for adjudication of liens under the Illinois Healthcare Lien Act - and did so on January 25, 2010.

Nolen submits that because of Trustmark's unreasonable and vexatious delay in making or refusal to make payments, refusal to make timely payments, reversals of payments allegedly previous made and overcharges for reimbursement, her attorneys have been required to act in matters which would not have been necessary, or which would not have been so lengthy and complicated.

Nolen seeks attorney's fees, costs and sanctions pursuant to 215 ILCS 5/155 and interest at 9% from February 16, 2009, to the dates of each payment, as itemized within the complaint.

Now before the Court are Trustmark's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8) and Nolen's motion to remand (Doc. 16). The motions are fully briefed and ready for disposition.

B. **DISCUSSION**

1. **Rule 12(b)(6) Legal Standard**

Dismissal of a claim is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773,776 (7th Cir. 2007)**. In deciding a motion to dismiss, the District Court takes as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the non-movant's favor. ***Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP, 475 F.3d 824, 833 (7th Cir. 2007)***.

The Court of Appeals for the Seventh Circuit has explained that even after *Bell Atlantic* retooled federal pleading standards, notice pleadings is all that is required. ***Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)**. A plaintiff need provide only enough detail to give defendants fair notice of what the claim is and the grounds upon which it rests and through the plaintiff's allegations show that it is possible, rather than merely speculative that the plaintiff is entitled to relief. *Id.* Nevertheless, the Seventh Circuit has emphasized that conclusory statements of law and their unwarranted inferences are not sufficient to defeat a motion to dismiss for failure to state a claim. ***Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995)**.

Federal Rule of Civil Procedure 8(a) requires complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)**. A complaint consisting of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" must be dismissed for failing to meet the requirements of Rule 8. ***Walton v. Walker*, 364 Fed. Appx. 256, 258 (7th Cir. 2010)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))**.

2. **Whether the plan at issue is governed by ERISA and properly removed**

29 U.S.C. § 1002(a) defines ERISA policies as:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise
> (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services,

**29 U.S.C. § 1002(1)(A).**

Consequently, the plan at issue would fall under the auspices of ERISA if the following elements are satisfied: (1) a plan, fund, or program; (2) established or maintained; (3) by an employee organization; (4) for the purpose of providing medical, surgical, or hospital care or benefits in the event of sickness, accident, disability; (5) to participants or their beneficiaries." ***Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005) (citing *Ed Miniat, Inc. v. Globe Life Ins. Group*, 805 F.2d 732, 738 (7th Cir. 1986); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000))**. "ERISA plans are governed by written documents that define their scope; the statute requires that '[e]very employee benefit plan ... be established

4

and maintained pursuant to a written instrument.'" ***Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872-73 (7th Cir. 2001) (citing 29 U.S.C. § 1102(a)(1))**. Employers must provide these documents to their employees to protect the employees' interests as participants in employee welfare plans. ***Id*. at 873 (citing *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 788 (7th Cir. 1996) (citing 29 U.S.C. § 1001(b))**.

The Court is satisfied that all five of the above elements are met and that ERISA applies to the matter *sub judice*. Nolen argues that there is no "plan," but the documents offered sufficiently describe the contours of the benefits to which Nolen is entitled under the certificate of group insurance underwritten by Trustmark (Doc. 3-1). In sum, it is a plan established or maintained by Perry County Counseling Center for the purpose of providing medical coverage to participants or their beneficiaries. Given that all five elements are met, the plan at issue herein is an ERISA plan, and this Court has jurisdiction under the statute.

Nolen's state law claims are pre-empted by ERISA. As part of ERISA's regulatory scheme, guiding administration and enforcement, 29 U.S.C. § 1144(a) states, "except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall *supersede any and all State laws* insofar as they may now or hereafter relate to any employee benefit plan." **29 U.S.C. § 1144(a) (emphasis added)**. The Supreme Court in ***Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004),** explained, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." **542 U.S. at 208 (citing *Beneficial Nat. Bank* v. *Anderson,* 539 U.S. 1, 8 (2003))**. ERISA wholly

5

displaces the state-law cause of action, so the state claim can be removed. *Id*. at 207 (citing *ibid*.).

Expanding on its analysis, the Court observed that ERISA is a statute that wholly displaces a state-law cause of action because (1) [ERISA's] purpose is to provide a uniform regulatory regime, and (2) ERISA includes expansive pre-emption provisions, such as ERISA § 502(a)'s integrated enforcement mechanism, which are intended to ensure that employee benefit plan regulation is "exclusively a federal concern." *Id*. at 208 (citing *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523 (1981)). Therefore, any state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy conflicts with the clear congressional intent to make that remedy exclusive, and is therefore pre-empted. *Id*. at 208-09.

Three factors identified by the Seventh Circuit as relevant for determining whether a claim is completely pre-empted by ERISA are: "[W]hether the plaintiff [is] eligible to bring a claim under [ERISA § 502(a)]; whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Klassy v. Physicians Plus Ins. Co*., 371 F.3d 952, 955 (7th Cir. 2004) (citing *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1488 (7th Cir. 1996)).

These factors support the conclusion that Nolen's claims are completely pre-empted by ERISA. Nolen has made a claim for benefits under the plan. Her claim is properly characterized as a claim related to an employee benefit plan and arising under ERISA. Finally, the Court would have to interpret the contract because her claim is that Trustmark's conduct

was unreasonable and vexatious – a determination which can only be made by applying the terms of the contract to Trustmark's conduct. Because all three of the *Klassy* factors are met, Nolen's claims are pre-empted by ERISA.

Lastly, relief under 215 ILCS 5/357.9, which, *inter alia*, entitles the insured to 9% interest per annum for the insurer's failure to pay within 30 days after receipt of proof of loss, is not available to Nolen under her group insurance policy. In relevant part, 5/362a provides:

> Non-application to certain policies. The provisions of sections 356a to 359a, both inclusive, shall not apply to or affect … any group policy of insurance (unless otherwise specifically provided);… **215 ILCS 5/362a**.

Since the policy at issue is a group policy of insurance, the provisions of 5/357.9 do not apply.

C. **Conclusion**

For the foregoing reasons, the Court **FINDS** that the plan at issue is an ERISA plan and that the state law claims are pre-empted by the statute. As a result the **Court DENIES** Nolen's motion to remand (Doc. 16) and **GRANTS** Trustmark's motion to dismiss (Doc. 8) **without prejudice**. The Court **GRANTS** Nolen leave to file an amended complaint to properly plead an ERISA cause of action by July 21, 2011. Failure to file a timely amended complaint will result in this action being dismissed with prejudice and entry of judgment.

IT IS SO ORDERED

DATED this 30th day of June, 2011

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge